O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| | Case No. 14-CV-04577 (VEB) |
| RUBEN DE ARCOS GAMA, | |
| Plaintiff, | DECISION AND ORDER |
| vs. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

## I. INTRODUCTION

In January of 2011, Plaintiff Ruben De Arcos Gama applied for Disability Insurance Benefits under the Social Security Act. The Commissioner of Social Security denied the application.  Plaintiff, represented by Patricia McCabe, Esq.,

1  commenced this action seeking judicial review of the Commissioner's denial of

2  benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

3       The parties consented to the jurisdiction of a United States Magistrate Judge.

4  (Docket No. 9, 10, 21, 22). On March 7, 2016, this case was referred to the

5  undersigned pursuant to General Order 05-07. (Docket No. 20).

6

7  ## II. BACKGROUND

8       Plaintiff applied for benefits on January 24, 2011, alleging disability

9  beginning January 16, 2009. (T at 59).[1]  The application was denied initially and on

10  reconsideration.  Plaintiff requested a hearing before an Administrative Law Judge

11  ("ALJ").  On October 9, 2012, a hearing was held before ALJ Elizabeth R. Lishner.

12  (T at 47).  Plaintiff appeared with an attorney and testified through an interpreter. (T

13  at 52-70).  The ALJ also received testimony from Ronald Hatakeyama, a vocational

14  expert (T at 75-77), and Olga De Arcos, Plaintiff's wife, who testified as a lay

15  witness. (T at 71-75).

16       On November 8, 2012, the ALJ issued a written decision denying the

17  application for benefits. (T at 20-39).  The ALJ's decision became the

18

19  [1] Citations to ("T") refer to the administrative record at Docket No. 14.

20

DECISION AND ORDER – DE ARCOS v COLVIN 14-CV-04577-VEB

Commissioner's final decision on February 28, 2014, when the Appeals Council denied Plaintiff's request for review. (T at 9-13).

On June 13, 2014, Plaintiff, acting by and through his counsel, filed this action seeking judicial review of the Commissioner's decision. (Docket No. 3). The Commissioner interposed an Answer on December 19, 2014. (Docket No. 13).  The parties filed a Joint Stipulation on May 19, 2015. (Docket No. 19).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision should be affirmed and this case must be dismissed.

## III. DISCUSSION

**A.    Sequential Evaluation Process**

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot,

DECISION AND ORDER – DE ARCOS v COLVIN 14-CV-04577-VEB

considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medially severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the

DECISION AND ORDER – DE ARCOS v COLVIN 14-CV-04577-VEB

evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

DECISION AND ORDER – DE ARCOS v COLVIN 14-CV-04577-VEB

**B.     Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## C.    Commissioner's Decision

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since January 16, 2009 (the alleged onset date) and met the insured status requirements of the Social Security Act through December 31, 2014 (the date last insured). (T at 28).   The ALJ found that Plaintiff's left leg amputation, diabetes, depression, and anxiety were "severe" impairments under the Act. (Tr. 28).

DECISION AND ORDER – DE ARCOS v COLVIN 14-CV-04577-VEB

1    However, the ALJ concluded that Plaintiff did not have an impairment or

2    combination of impairments that met or medically equaled one of the impairments

3    set forth in the Listings. (T at 29).

4    The ALJ determined that Plaintiff retained the residual functional capacity

5    ("RFC") to perform medium work as defined in 20 CFR § 416.967 (c), with the

6    following limitations: standing/walking 4 hours in an 8-hour workday; sitting 6

7    hours in an 8-hour workday; no pushing/pulling with the lower extremities; frequent

8    stair and ramp climbing, with other postural activities occasionally; and frequent

9    performance of detailed/complex tasks. (T at 30).

10    The ALJ found that Plaintiff could perform his past relevant work as an

11    industrial truck (forklift) driver. (T at 34).

12    As such, the ALJ found that Plaintiff was not entitled to benefits under the

13    Social Security Act from January 16, 2009 (the alleged onset date) through

14    November 8, 2012 (the date of the ALJ's decision). (T at 35).  As noted above, the

15    ALJ's decision became the Commissioner's final decision when the Appeals

16    Council denied Plaintiff's request for review. (T at 9-13).

17    **D.    Disputed Issues**

18    As set forth in the parties' Joint Stipulation (Docket No. 19), Plaintiff offers

19    five (5) arguments in support of his claim that the Commissioner's decision should

20

be reversed.  First, he contends that the ALJ did not properly weigh the medical opinion evidence.  Second, Plaintiff challenges the ALJ's credibility determination. Third, Plaintiff contends that the ALJ erred by failing to consider his back and lower extremity pain as a severe impairment.  Fourth, he argues that the ALJ's RFC determination was flawed because it did not consider the combined effects of his impairments.  Fifth, Plaintiff challenges the hypothetical question that formed the basis of the ALJ's step four analysis. This Court will address each argument in turn.

# IV. ANALYSIS

## A.    Medical Opinion Evidence

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Historically, the courts have recognized conflicting

DECISION AND ORDER – DE ARCOS v COLVIN 14-CV-04577-VEB

medical evidence, and/or the absence of regular medical treatment during the alleged period of disability, and/or the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain, as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs*., 44 F.3d 1453, 1463-64 (9th Cir. 1995).

An ALJ satisfies the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014)(quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors,' are correct." *Id*.

In this case, the medical record contains extensive records of Plaintiff's treatment history with several physicians and therapists.  In sum, these records indicate that Plaintiff consistently presented with complaints of chronic low back and right lower extremity pain; difficulties with a poorly-fitting prosthesis on his left lower extremity; poorly controlled diabetes; diabetic dyslipidemia; depression; and anxiety.

The ALJ discussed these records and concluded that they established severe impairments. (T at 29).  However, the ALJ found that the treating record (1) did not

DECISION AND ORDER – DE ARCOS v COLVIN 14-CV-04577-VEB

1  "reveal significant abnormalities" in Plaintiff's knees, (2) indicated good pain

2  control from physical therapy, (3) suggested good control of psychiatric symptoms

3  with medication, and (4) indicated generally stable treatment of diabetes. (T at 33).

4  Plaintiff disputes these findings, offering alternative interpretations of the

5  treating record. However, it is the role of the Commissioner, not this Court, to

6  resolve conflicts in evidence. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.

7  1989); *Richardson*, 402 U.S. at 400. If the evidence supports more than one rational

8  interpretation, this Court may not substitute its judgment for that of the

9  Commissioner. *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial

10 evidence to support the administrative findings, or if there is conflicting evidence

11 that will support a finding of either disability or nondisability, the Commissioner's

12 finding is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

13 Here, the ALJ's finding was supported by substantial evidence and must therefore be

14 sustained.

15 Diagnostic testing indicated mild degenerative changes in Plaintiff's spine; a

16 knee x-ray was unremarkable, showing normal alignment, no evidence of joint

17 effusive, and "no significant degenerative disease." (T at 341-42, 366-68). Although

18 Plaintiff's diabetes was not always well-controlled, there was no evidence of organ

19 damage. (T at 32, 274-75, 316). The ALJ noted evidence of medication non-

20

compliance, which impacted the management of Plaintiff's diabetes. (T at 32).  The ALJ cited evidence indicating that Plaintiff's diabetes was generally stable and uncomplicated when he was compliant with his medications. (T at 29, 32, 275, 286, 293, 299, 507, 520). Formal psychological testing did not reveal any significant cognitive deficits. (T at 29, 319-24). The ALJ cited evidence indicating that Plaintiff's depression and anxiety improved with medication. (T at 33, 281-82).

The ALJ recognized that Plaintiff's partial amputation[2] impacted his ability to work to some degree, but also noted that Plaintiff worked for over 30 years after that surgery, including 20 years as a forklift operator. (T at 33).   The ALJ also recognized that Plaintiff had difficulty with his prosthetic in 2011, due to changes in Plaintiff's weight, and that a new prosthetic was ordered. (T at 33, 329-67, 394, 430-31, 506-507).

Dr. Steven Strode, a non-examining State Agency review consultant, performed a review in March of 2011.  Dr. Strode opined that Plaintiff could lift 50 pounds occasionally, 25 pounds frequently, stand/walk for about 6 hours in an 8-hour workday, and sit for about 6 hours in an 8-hour workday. (T at 310).

---

[2] Plaintiff suffered a childhood accident, which resulted in a left leg, below the knee, amputation between the proximal tibia and fibula. (T at 28).

DECISION AND ORDER – DE ARCOS v COLVIN 14-CV-04577-VEB

Dr. R.E. Brooks, a non-examining State Agency review consultant, performed a psychiatric review in October of 2011 and concluded that Plaintiff had no restriction in activities of daily living, no difficulties in maintaining social functioning, and no difficulties in maintaining concentration, persistence, or pace. (T at 486).

State Agency review physicians are highly qualified experts and their opinions, if supported by other record evidence, may constitute substantial evidence sufficient to support a decision to discount a treating physician's opinion. *See Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996); *see also* 20 CFR § 404.1527 (f)(2)(i)("State agency medical and psychological consultants and other program physicians, psychologists, and other medical specialists are highly qualified physicians, psychologists, and other medical specialists who are also experts in Social Security disability evaluation.").

In June of 2011, Dr. William Goldsmith completed a consultative psychiatric evaluation. Dr. Goldsmith found Plaintiff cooperative and cheerful, with organized thought process, appropriate orientation, and intact memory. (T at 321). He noted that Plaintiff's concentration did not appear impaired and he had adequate judgment and normal intelligence. (T at 322). Dr. Goldsmith assigned a Global Assessment of

DECISION AND ORDER – DE ARCOS v COLVIN 14-CV-04577-VEB

Functioning ("GAF")[3] score of 60 (T at 322), which is indicative of moderate symptoms or difficulty in social, occupational or educational functioning. *Metcalfe v. Astrue*, No. EDCV 07-1039, 2008 US. Dist. LEXIS 83095, at *9 (Cal. CD Sep't 29, 2008).   Dr. Goldsmith assessed no work-related limitations arising from Plaintiff's mental health issues. (T at 322-23).

Dr. Goldsmith opined that Plaintiff did not have any psychiatric impairment, although he noted that Plaintiff was "understandably troubled about his unemployment." (T at 322). The ALJ gave some weight to Dr. Goldsmith's assessment, but also credited the hearing testimony concerning Plaintiff's depression and anxiety, concluding that his ability to consistently perform complex/detailed tasks would be somewhat limited. (T at 34).

In sum, this Court find that the ALJ's decision is supported by substantial evidence (including the treatment notes, diagnostic testing, State Agency review physician's assessments, and consultative examiner's evaluation) and must therefore be sustained. Plaintiff's treating physicians documented his complaints and treatment history, but did not assess his functional, work-related limitations.  The ALJ adequately addressed the treating physicians' notes and the overall evidentiary record reasonably supports the ALJ's decision. *See Tackett v. Apfel*, 180 F.3d 1094,

---

[3]  "A GAF score is a rough estimate of an individual's psychological, social, and occupational functioning used to reflect the individual's need for treatment." *Vargas v. Lambert*, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998).

DECISION AND ORDER – DE ARCOS v COLVIN 14-CV-04577-VEB

1098 (9th Cir. 1999)(holding that if evidence reasonably supports the Commissioner's decision, the reviewing court must uphold the decision and may not substitute its own judgment).

**B.   Credibility**

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability.  A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

In this case, Plaintiff testified as follows: He was 50 years old in October of 2012 (when the administrative hearing was held). (T at 52).   He stopped working in January of 2009, when he was laid off. (T at 52).   Thereafter he received unemployment benefits and continued looking for work. (T at 52-53).   Leg pain prevents him from standing for extended periods.   Back pain also limits his ability to work. (T at 53).   He had issues with replacing his prosthesis, which resulted in ongoing pain in his leg, back, and hips. (T at 55-56).   These problems prevent him from working. (T at 57).   Pain prevents Plaintiff from sitting or standing for prolonged periods. (T at 58).   He can sit for 30-60 minutes. (T at 58).   He has sleep problems and cannot perform household chores. (T at 58).   His wife manages hid medications. (T at 60-61).   He has pain in his hands, which he described as "almost like tingling." (T at 63).   He has experienced falls. (T at 64).   Physical therapy did not provide symptom relief. (T at 66-67).

The ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that his statements concerning the intensity, persistence, and limiting effects of the symptoms were not fully credible. (T at 31).

This Court finds the ALJ's credibility determination supported by substantial evidence and consistent with applicable law.   First, Plaintiff's testimony was

DECISION AND ORDER – DE ARCOS v COLVIN 14-CV-04577-VEB

contradicted by the objective medical evidence.  As summarized above, diagnostic testing indicated mild degenerative changes in Plaintiff's spine and a knee x-ray was unremarkable, showing normal alignment, no evidence of joint effusive, and "no significant degenerative disease." (T at 341-42, 366-68).  Plaintiff's diabetes was generally stable and uncomplicated when he was compliant with his medications. (T at 29, 32, 275, 286, 293, 299, 507, 520). Formal psychological testing did not reveal any significant cognitive deficits. (T at 29, 319-24). Treatment notes indicated that Plaintiff's depression and anxiety improved with medication. (T at 33, 281-82). Dr. Strode opined that Plaintiff could lift 50 pounds occasionally, 25 pounds frequently, stand/walk for about 6 hours in an 8-hour workday, and sit for about 6 hours in an 8-hour workday. (T at 310).  Dr. Brooks concluded that Plaintiff had no restriction in activities of daily living, no difficulties in maintaining social functioning, and no difficulties in maintaining concentration, persistence, or pace. (T at 486).   Dr. Goldsmith assessed no work-related limitations arising from Plaintiff's mental health issues. (T at 322-23).

Although lack of supporting medical evidence cannot form the sole basis for discounting pain testimony, it is a factor the ALJ may consider when analyzing credibility. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). In other words, an ALJ may properly discount subjective complaints where, as here, they are

DECISION AND ORDER – DE ARCOS v COLVIN 14-CV-04577-VEB

1   contradicted by medical records. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d

2   1155, 1161 (9th Cir. 2008); *Thomas v. Barnhart,* 278 F.3d 947, 958-59 (9th Cir.

3   2002).

4       Second, the ALJ noted that Plaintiff had a generally conservative course of

5   treatment for both his physical and psychological impairments. (T at 32-33).

6   "Evidence of 'conservative treatment' is sufficient to discount a claimant's

7   testimony regarding the severity of an impairment." *Parra v. Astrue*, 481 F.3d 742,

8   751 (9th Cir. 2007).

9       Third, the ALJ cited evidence that Plaintiff stopped working due to being laid

10  off and continued looking for work thereafter. (T at 31).  The fact that a claimant

11  stopped working for reasons other than the alleged impairments is a valid reason for

12  the ALJ to discount the claimant's credibility. *Bruton v. Massanari*, 268 F.3d 824,

13  828 (9th Cir. 2001).

14      Fourth, the ALJ reasonably relied upon Plaintiff's activities of daily living,

15  which she found inconsistent with Plaintiff's claims of disabling limitations. (T at

16  31).  In particular, Plaintiff occasionally accompanied his grandchildren to school

17  and the park, helped with household tasks, drives, handled finances, and engaged in

18  social activities. (T at 31-32, 189, 230-38).

19

20

DECISION AND ORDER – DE ARCOS v COLVIN 14-CV-04577-VEB

1   When assessing a claimant's credibility, the ALJ may employ "ordinary

2   techniques of credibility evaluation." *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217,

3   1224 n.3 (9th Cir. 2010)(quoting *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir.

4   1996)). Activities of daily living are a relevant consideration in assessing a

5   claimant's credibility. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

6   Although the claimant need not "vegetate in a dark room" to be considered disabled,

7   *Cooper v. Brown*, 815 F.2d 557, 561 (9th Cir. 1987), the ALJ may discount a

8   claimant's testimony to the extent his or her activities of daily living "contradict

9   claims of a totally debilitating impairment." *Molina v. Astrue*, 674 F.3d 1104, 1112-

10   13 (9th Cir. 2011).

11   In light of the above, this Court finds that the ALJ's credibility determination

12   must be sustained. *See Morgan v. Commissioner*, 169 F.3d 595, 599 (9th Cir.

13   1999)("[Q]uestions of credibility and resolutions of conflicts in the testimony are

14   functions solely of the [Commissioner].").

15   Plaintiff also argues that the ALJ did not adequately consider the testimony of

16   his wife. "Testimony by a lay witness provides an important source of information

17   about a claimant's impairments, and an ALJ can reject it only by giving specific

18   reasons germane to each witness." *Regennitter v. Comm'r*, 166 F.3d 1294, 1298 (9th

19   Cir. 1999). However, the ALJ did consider, and afforded some weight to, Mrs.

20

DECISION AND ORDER – DE ARCOS v COLVIN 14-CV-04577-VEB

DeArcos testimony about Plaintiff's mood difficulties, relying on that testimony to find that Plaintiff was limited to some degree by his mental health impairments. (T at 34). The ALJ also noted Mrs. DeArcos's testimony that Plaintiff performed a variety of daily activities on various occasions and could concentrate and manage finances. (T at 31, 189, 230-38). This Court finds no error in the ALJ's consideration of Mrs. DeArco's lay testimony.

## C.      Step Two Analysis

At step two of the sequential evaluation process, the ALJ must determine whether the claimant has a "severe" impairment. See 20 C.F.R. §§ 404.1520(c), 416.920(c). The fact that a claimant has been diagnosed with and treated for a medically determinable impairment does not necessarily mean the impairment is "severe," as defined by the Social Security Regulations. *See, e.g.*, *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *Key v. Heckler*, 754 F.2d 1545, 1549-50 (9th Cir. 1985). To establish severity, the evidence must show the diagnosed impairment significantly limits a claimant's physical or mental ability to do basic work activities for at least 12 consecutive months. 20 C.F.R. § 416.920(c).

The step two analysis is a screening device designed to dispose of *de minimis* complaints. *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). "[A]n impairment is found not severe . . . when medical evidence establishes only a slight abnormality

DECISION AND ORDER – DE ARCOS v COLVIN 14-CV-04577-VEB

1  or a combination of slight abnormalities which would have no more than a minimal

2  effect on an individual's ability to work." *Yuckert v. Bowen*, 841 F.2d 303 (9th Cir.

3  1988) (quoting SSR 85-28).  The claimant bears the burden of proof at this stage and

4  the "severity requirement cannot be satisfied when medical evidence shows that the

5  person has the ability to perform basic work activities, as required in most jobs."

6  SSR 85-28. Basic work activities include: "walking, standing, sitting, lifting,

7  pushing, pulling, reaching, carrying, or handling; seeing, hearing, speaking;

8  understanding, carrying out and remembering simple instructions; responding

9  appropriately to supervision, coworkers, and usual work situation." *Id.*

10  Here, the ALJ found that Plaintiff's left leg amputation, diabetes, depression,

11  and anxiety were "severe" impairments under the Act. (Tr. 28).  Plaintiff argues that

12  his progressive back and lower extremity pain should also have been considered a

13  severe impairment.  However, Plaintiff's pain appeared to be related to his

14  prosthesis, which in turn is related to his left leg amputation (which the ALJ found to

15  be a severe impairment). (T at 50-51, 55-56, 250, 394).  The ALJ carefully

16  considered Plaintiff's complaints of back and lower extremity pain and found that he

17  was limited to medium work with some postural limitations. (T at 28-30).  There is

18  no indication that classifying Plaintiff's back and lower extremity pain as a separate,

19  severe impairment, as opposed to a symptom of the left leg amputation (which *was*

20

1   found to be severe) would have made any material difference in the outcome.  This

2   is particularly so where, as here, the ALJ considered all of the Plaintiff's

3   impairments and complaints and the RFC determination is supported by treatment

4   records, as well as assessments of State Agency review physicians and a consultative

5   examiner.

6         In sum, this Court finds no error with regard to the ALJ's step two analysis.

7   The step two analysis was resolved in Plaintiff's favor, *i.e.* the ALJ concluded that

8   Plaintiff had severe impairments and proceeded with the sequential analysis. *See*

9   *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005).  Even assuming *arguendo* that

10  the ALJ should have considered Plaintiff's back and lower extremity pain as a

11  separate severe impairment, any error in that regard was harmless because the ALJ

12  considered that pain when determining Plaintiff's RFC. *See Lewis v. Astrue*, 498

13  F.3d 909, 911 (9th Cir. 2007).

14  **D.    RFC Determination**

15        An ALJ's assessment of the claimant's residual functional capacity ("RFC")

16  must be upheld if the ALJ has applied the proper legal standard and substantial

17  evidence in the record supports the decision. *Bayliss v. Barnhart*, 427 F.3d 1211,

18  1217 (9th Cir. 2005). The ALJ must consider all the medical evidence in the record

19  and "explain in [her] decision the weight given to . . . [the] opinions from treating

20

DECISION AND ORDER – DE ARCOS v COLVIN 14-CV-04577-VEB

sources, nontreating sources, and other nonexamining sources." 20 C.F.R. § 404.1527(e)(2)(ii); see also § 404.1545(a)(1).

In determining the claimant's RFC, the ALJ considers those limitations for which there is support in the record and need not consider properly rejected evidence or subjective complaints. *See Bayliss*, 427 F.3d at 1217; *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) (holding that the ALJ was not required to incorporate into RFC findings from treating-physician opinions that were "permissibly discounted").

Here, the ALJ determined that Plaintiff retained the RFC to perform medium work as defined in 20 CFR § 416.967 (c), with the following limitations: standing/walking 4 hours in an 8-hour workday; sitting 6 hours in an 8-hour workday; no pushing/pulling with the lower extremities; frequent stair and ramp climbing, with other postural activities occasionally; and frequent performance of detailed/complex tasks. (T at 30).

This Court finds the ALJ's decision supported by substantial evidence. As discussed above, objective and diagnostic findings were generally unremarkable. (T at 29, 33, 341-42, 367). Plaintiff worked for more than 30 years with his prosthetic left leg and continued looking for work after being laid off. (T at 284, 336, 376). Dr. Strode opined that Plaintiff could lift 50 pounds occasionally, 25 pounds frequently,

DECISION AND ORDER – DE ARCOS v COLVIN 14-CV-04577-VEB

stand/walk for about 6 hours in an 8-hour workday, and sit for about 6 hours in an 8-hour workday. (T at 310).  Dr. Brooks concluded that Plaintiff had no restriction in activities of daily living, no difficulties in maintaining social functioning, and no difficulties in maintaining concentration, persistence, or pace. (T at 486).   Dr. Goldsmith assessed no work-related limitations arising from Plaintiff's mental health issues. (T at 322-23).

The ALJ credited, in part, the evidence of impairment, concluding that Plaintiff had some exertional, postural, and non-exertional limitations. (T at 30). Contrary to Plaintiff's contention, the ALJ's decision, read in whole, demonstrates that the ALJ considered all of Plaintiff's impairments, both singly and in combination.  *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)(holding that if evidence reasonably supports the Commissioner's decision, the reviewing court must uphold the decision and may not substitute its own judgment).

## E.   Hypothetical Question

At step five of the sequential evaluation, the burden is on the Commissioner to show that (1) the claimant can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984). If a claimant cannot return to his previous job, the Commissioner must identify specific jobs existing in

substantial numbers in the national economy that the claimant can perform. See *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir.1995). The Commissioner may carry this burden by "eliciting the testimony of a vocational expert in response to a hypothetical that sets out all the limitations and restrictions of the claimant." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.1995). The ALJ's depiction of the claimant's disability must be accurate, detailed, and supported by the medical record. *Gamer v. Secretary of Health and Human Servs.*, 815 F.2d 1275, 1279 (9th Cir.1987). "If the assumptions in the hypothetical are not supported by the record, the opinion of the vocational expert that claimant has a residual working capacity has no evidentiary value." *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984).

In this case, the ALJ's step four analysis was based on the vocational expert's response to a hypothetical question that incorporated the limitations set forth in the RFC determination. (T at 76)  Plaintiff's past relevant work was performed from a seated position, requiring lifting less than 10 pounds, required constant reaching, and occasional postural activities. (T at 50-52, 67, 173).  Plaintiff essentially restates his prior arguments, contending that the ALJ should have included additional, more significant limitations in the hypothetical question to the vocation expert.  However, an ALJ is not obliged to accept as true limitations alleged by Plaintiff and may decline to include such limitations in the vocational expert's hypothetical if they are

DECISION AND ORDER – DE ARCOS v COLVIN 14-CV-04577-VEB

not supported by sufficient evidence. *See Martinez v. Heckler*, 807 F.2d 771 (9th Cir. 1986); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005); *Hall v. Colvin*, No. CV-13-0043, 2014 U.S. Dist. LEXIS 45006, at *24-25 (E.D. Wash. Mar. 31, 2014)("A claimant fails to establish that a Step 5 determination is flawed by simply restating argument that the ALJ improperly discounted certain evidence, when the record demonstrates the evidence was properly rejected.")(citing Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

## V.    CONCLUSION

After carefully reviewing the administrative record, this Court finds substantial evidence supports the Commissioner's decision, including the objective medical evidence and supported medical opinions. It is clear that the ALJ thoroughly examined the record, afforded appropriate weight to the medical evidence, including the assessments of the examining medical providers and the non-examining consultants, and afforded the subjective claims of symptoms and limitations an appropriate weight when rendering a decision that Plaintiff is not disabled. This Court finds no reversible error and substantial evidence supports the Commissioner's decision.

DECISION AND ORDER – DE ARCOS v COLVIN 14-CV-04577-VEB

## VI. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered AFFIRMING the Commissioner's decision; and

The Clerk of the Court shall file this Decision and Order, serve copies upon counsel for the parties, and CLOSE this case.

DATED this 26th day of April, 2016,

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE

DECISION AND ORDER – DE ARCOS v COLVIN 14-CV-04577-VEB